IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH BAKER,** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 24-CV-2168** |
| | : | |
| **26th DISTRICT POLICE STATION,** | : | |
| *et al.*, | : | |
|     **Defendants.** | : | |

**MEMORANDUM**

**GALLAGHER, J.**                                                                                          **JULY 16, 2024**

*Pro se* Plaintiff Joseph Baker, a prisoner currently incarcerated at SCI Forest, brings this lawsuit pursuant to 42 U.S.C. § 1983 against the Philadelphia Police Department and its "26th District Police Station." Baker alleges constitutional violations in connection with the search of his home and confiscation of his property at the time of his arrest. Baker also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Baker leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice and with leave to amend.

**I.      FACTUAL ALLEGATIONS**[1]

Baker alleges that on December 10, 2021, a Philadelphia Police Department "swat team" conducted a search of him, his backpack, and two rooms of his house, all without a warrant. (Compl. at 5.) Baker was in his basement at the time and was wearing a black backpack. (*Id*. at 4.) The officers searched him, removed his backpack, and placed him in handcuffs. *Id*. at 4, 16. Baker's family was standing outside of the house when Baker was taken into custody. *Id*. at 5, 16.

---

[1] The facts are taken from Baker's Complaint, which consists of the Court's standard form complaint as well as additional handwritten pages. Baker also attaches various exhibits to his Complaint. The Court adopts the pagination supplied by the CM/ECF docketing system.

He was taken to the police headquarters at 8th and Race Streets in Philadelphia, and later transferred to the Curran-Fromhold Correctional Facility ("CFCF"). *Id*. at 16.  At CFCF, Baker was able to talk to his daughter, who informed him that after he was taken to the police station, the police "did a[n] illegal search" of the basement and second floor bedroom without a warrant and "destroy[ed] the house." *Id*. Baker alleges that numerous items of property went missing after the police conducted the search of the two rooms, including over $11,500 in cash, diamond earrings worth $5,000, prescription sunglasses worth $3,500, and two iPhones. *Id*. Officers also allegedly searched his black backpack and took $5,000 in cash and $4,500 in "jitney tickets." *Id*. at 17. Baker also alleges that the officers caused $75,000 in damages to his house. *Id*. at 16.

Baker sent a letter to Judge Lilian Ransom of the Philadelphia Court of Common Pleas concerning the police officers' confiscation of his property. *Id*. at 12.  Judge Ransom forwarded the letter to Baker's criminal defense attorney, Earl Kauffman. *Id*.  Kauffman in turn sent Baker a letter stating that "the Philadelphia Police did not take the money (cash) that was in your home" and that the "money was left with the family . . . who were in the house when the Police were there." *Id*. at 14.  Baker states that the police officers lied about giving the money to his four family members present during the search and arrest. *Id*. at 19.  Baker also complained about the search and confiscation of his property to the Philadelphia Police Department's Internal Affairs Division. *Id*. at 15.  In response to Baker's letter, Lt. Raymond A Saggese, an intake supervisor, responded that Baker should contact his attorney. *Id*.  Based on these facts, Baker alleges claims under the Fourth and Fourteenth Amendments. *Id*. at 3.  For relief, he seeks the return of his money and property. *Id*. at 5.[2]

---

[2] While waiting for the Court's review under § 1915, Baker filed a "Post-Sentence Motion" (ECF No. 8), a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2254 (ECF No. 7), a separate Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 5), and a separate Prisoner Trust Fund

## II. STANDARD OF REVIEW

The Court grants Baker leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.³ Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Baker is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

Baker asserts Fourth and Fourteenth Amendment claims under § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under §

---

Account Statement (ECF No. 6). As these pleadings appear to relate to Baker's criminal judgment and not to the civil rights claims that he alleges against the 26th District, the Court will direct that the pleadings be filed as a new *habeas* matter.

³ Because he is a prisoner, Baker will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Baker names as Defendants the Philadelphia Police Department and the 26th District Police Station, which is part of the Philadelphia Police Department. However, all claims against these Defendants must be dismissed. A police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See, e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality). Furthermore, agencies of the City of Philadelphia and their departments, such as the Philadelphia Police Department, do not have a separate legal existence from the City. *See Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (observing that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia"); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780-81 (E.D. Pa. 2005) (dismissing City of Philadelphia Police Department and the City of Philadelphia Police Department Northeast Detective Division). Accordingly, the Court will

4

dismiss all claims asserted against the Philadelphia Police Department and the 26th District Police Station as they are not proper defendants.[4]

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Baker leave to proceed *in forma pauperis* and dismiss his Complaint. Considering Baker's *pro se* status, he will be given the option of filing an amended complaint in the event he can name a proper defendant and plead additional facts to cure the defects the Court noted as to his claims. An appropriate Order follows, which offers additional guidance on amending to the extent Baker wishes to do so.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[4] To the extent that Baker intends to raise a Fourteenth Amendment due process claim with respect to the deprivation of his money and property, his claim would nevertheless fail. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Pennsylvania Rule of Criminal Procedure 588(A) provides an adequate post-deprivation remedy for claims related to the seizure of property. That rule provides that "[a] person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move [in the court of common pleas for the judicial district in which the property was seized] for the return of the property on the ground that he or she is entitled to lawful possession therefor." Pa. R. Crim. P. 588(A). Courts in the Third Circuit have held that Rule 588(A) provides an adequate postdeprivation remedy for claims related to the seizure of property. *See McKenna v. Portman*, 538 F. App'x 221, 224 (3d Cir. 2013) (stating that "there is no cognizable Fourteenth Amendment procedural due process claim here as the state provided a reasonable post-deprivation process [with Rule 566(a)] to challenge the seizure of property and request its return"); *Lancaster City Bureau of Police*, No. 17-1885, 2021 WL 5987734, at *5 (E.D. Pa. Dec. 16, 2021) (dismissing due process claim based on police officers' failure to return property seized pursuant to a warrant because Pennsylvania provides an adequate postdeprivation remedy with Rule 588(A)).