## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH BAKER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-2168** |
| | : | |
| **26th DISTRICT POLICE STATION,** | : | |
| ***et al.,*** | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

**AND NOW**, this 16th day of July, 2024, upon consideration of Plaintiff Joseph Baker's

Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF

No. 2), *pro se* Complaint (ECF No. 3), Amended Petition for Writ of *Habeas Corpus* (ECF No.

7), Post Sentence Motion (ECF No. 8), and his second Motion for Leave to Proceed *In Forma*

*Pauperis* (ECF No. 5), and second Prisoner Trust Fund Account Statement (ECF No. 6), which

were filed in connection with this *Habeas* Petition, it is **ORDERED** that:

1.      Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.      Joseph Baker, #QP-7798, shall pay the full filing fee of $350 in installments,

pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case.  The Court directs the

Superintendent of SCI Forest or other appropriate official to assess an initial filing fee of 20% of

the greater of (a) the average monthly deposits to Baker's inmate account; or (b) the average

monthly balance in Baker's inmate account for the six-month period immediately preceding the

filing of this case.  The Superintendent or other appropriate official shall calculate, collect, and

forward the initial payment assessed pursuant to this Order to the Court with a reference to the

docket number for this case.  In each succeeding month when the amount in Baker's inmate trust

fund account exceeds $10.00, the Superintendent or other appropriate official shall forward

payments to the Clerk of Court equaling 20% of the preceding month's income credited to Baker's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3.      The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Forest.

4.      The Complaint is **DEEMED** filed.

5.      The Clerk of the Court is **DIRECTED** to open a new *habeas* case using (1) a copy of this Order, (2) a copy of the Amended Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 (ECF No. 5), (3) a copy of the Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 5), (4) a copy of the Prisoner Trust Fund Account Statement (ECF No. 6), and (5) a copy of the Post Sentence Motion (ECF No. 8).

6.      The new *habeas* case should be assigned in accordance with the Court's procedures.

7.      Baker shall use the number of the new *habeas* case to pursue any *habeas* claims he intends to raise and shall use the civil action number of this case (24-2168) only to pursue any civil rights claims he intends to raise.

8.      The Amended Petition for Writ of *Habeas Corpus* (ECF No. 7), Post Sentence Motion (ECF No. 8), second Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 5), and second Prisoner Trust Fund Account Statement (ECF No. 6) are **STRICKEN** as pleadings in this civil rights action.

9.      The Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum.

10.     Baker may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the

basis for Baker's claims against each defendant.  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  When drafting his amended complaint, Baker should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

11.     The Clerk of Court is **DIRECTED** to send Baker a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number.  Baker may use this form to file his amended complaint if he chooses to do so.

12.     If Baker does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

13.     If Baker fails to file any response to this Order, the Court will conclude that Baker intends to stand on his Complaint and will issue a final order dismissing this case.[1]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Judge

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

4