IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH BAKER,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-2168 |
| | : | |
| **JOSHUA BURKITT,** | : | |
| Defendant. | : | |

**MEMORANDUM**

**GALLAGHER, J.**                                                                                               **OCTOBER 21, 2024**

*Pro se* Plaintiff Joseph Baker, a prisoner currently incarcerated at SCI Forest, asserts claims under 42 U.S.C. § 1983 in connection with his December 2021 arrest and the contemporaneous search of his home and confiscation of his property. Baker's initial Complaint was dismissed upon screening for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Baker v. 26th Dist. Police Station*, No. 24-2168, 2024 WL 3431990, at *3 (E.D. Pa. July 16, 2024). Baker has returned with an Amended Complaint. For the following reasons, the Court will dismiss Baker's Amended Complaint.

**I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

In his initial Complaint, Baker named two Defendants: the Philadelphia Police Department and its "26th District Police Station." (Compl. (ECF No. 3) at 1-2.) Baker alleged that the Philadelphia Police Department "swat team" conducted a search of him, his backpack, and two rooms of his house, all without a warrant. (*Id*. at 5.) Baker further alleged that as part of the search, the police "destroy[ed] the house," and a numerous items of property went

---

[1] Unless otherwise stated, the facts are taken from Baker's Amended Complaint, which consists of the Court's standard form complaint. The Court adopts the pagination supplied by the CM/ECF docketing system.

missing. (*Id*. at 16.) In its July 16 Memorandum, the Court dismissed Baker's Complaint because the two named Defendants - the Philadelphia Police Department and the 26th District Police Station – were not proper defendants that were suable under § 1983. *Baker*, 2024 WL 3431990, at *2 (stating that "while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not"). The Court also concluded that, to the extent that Baker raised Fourteenth Amendment due process claims based on the alleged confiscation of his property, the claims failed because an adequate post deprivation remedy was available to Baker. *Id*. at *2 n.4. The Court permitted Baker to amend his claims if he could name a proper defendant and plead additional facts to cure the defects the Court noted as to his claims. *Id*. at *3.

Baker returned with this Amended Complaint, in which he names Joshua Burkitt as the sole Defendant. (Am. Compl. (ECF No. 13) at 3.) Burkitt is alleged to be a member of the Philadelphia Police 26th District swat team. (*Id*.) Baker alleges that on December 10, 2021, the swat team conducted an illegal search and seizure at his home.[2] (*Id*. at 5.) Specifically, he states that the swat team searched and handcuffed him while he was wearing his backpack and then searched and handcuffed him again after removing his backpack. (*Id*.) The officers then took Baker into custody and drove him to the police station. (*Id*.) Baker later learned from his daughter that while he was at the police station, swat team officers allegedly searched the basement and a second-floor bedroom of his home, both without a search warrant. (*Id*.) During the search, officers allegedly damaged his home and confiscated personal property items such as cash, iPhones, prescription eyeglasses, and diamond earrings. (*Id*. at 6.) For relief, Baker asks

---

[2] Elsewhere in the Amended Complaint, Baker states that the search occurred on December 9, 2021. The public criminal docket reflects that Baker was arrested by Burkitt on December 10, 2021. *See Commonwealth v. Baker*, MC-51-CR-0022421-2021 (M.C. Phila.).

2

"to get paid for the items and money that [were] taken from [his] house and the damages the police did to [his] house." (*Id*.)  He requests over $100,000 in money damages. (*Id*.)

**II.     STANDARD OF REVIEW**

As Baker is proceeding *pro se*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ab*rogation on other grounds recognized by Fisher v. Hollingsworth*, ___ F.4th ___, 2024 WL 3820969 (3d Cir. Aug. 15, 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).

Additionally, a court may dismiss a complaint based on an affirmative defense such as the statute of limitations when the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017); *Whitenight v. Commw. of Pa. State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (*per curiam*) ("When screening a complaint under § 1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required." (citations omitted)).  As Baker is proceeding *pro se*, the Court construes his

allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

Baker asserts Fourth and Fourteenth Amendment claims under § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### A. Fourth Amendment Claims

The Court understands Baker's Fourth Amendment claims to be based on the swat team officers searching Baker, his bookbag, and his home on the day of his arrest on December 10, 2021. Baker's § 1983 claims are subject to a two-year statute of limitations. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (explaining that the statute of limitations for § 1983 claims is governed by the personal injury tort law of the state where the cause of action arose and that Pennsylvania has a two-year statute of limitations for personal injury actions); *see also Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [she] can file suit and obtain relief." *Dique*, 603 F.3d at 185 (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his]

action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Montanez v. Sec'y Pennsylvania Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

Any Fourth Amendment claim that Baker asserts in connection with his search or arrest accrued on the date he was arrested and detained, December 10, 2021. On this date, Baker knew or should have known of the basis for his Fourth Amendment claims. *See Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018) (illegal search claims accrue at "the moment of the search"); *Ojo v. Luong*, 709 F. App'x 113, 116 (3d Cir. 2017) (*per curiam*) ("Most of [plaintiff's claims] accrued when defendants conducted their searches and seizures on July 11, 2011, because [plaintiff] knew or should have known the basis for these claims at that time."); *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012) (*per curiam*) (concluding that Fourth Amendment unreasonable search and seizure claims accrued when the search and seizure occurred because this was "the moment that [the plaintiff] indisputably knew about the alleged faults of search and seizure"). Baker did not file this civil action until May 20, 2024, more than two years after the claims accrued. Therefore, Baker's Fourth Amendment claim are barred by the applicable two-year statute of limitations. Moreover, there are no allegations in the Amended Complaint that would support a basis for equitable tolling of the claims. *See Lloyd v. Ocean Twp. Counsel*, 857 F. App'x 61, 64 (3d Cir. 2021) (*per curiam*). Accordingly, Baker's Fourth Amendment claims will be dismissed.

B.   **Fourteenth Amendment Deprivation of Property Claims**

The Court understands Baker's Fourteenth Amendment claims to be based on the swat team officers' alleged confiscation of Baker's money and personal property and the destruction of other property during the search of his home on December 10th. Because Baker alleges that he was already on his way to the police station when the search and alleged destruction of his

property occurred, it is not clear from the Amended Complaint when exactly Baker became aware that the deprivation occurred. Accordingly, when his Fourteenth Amendment claims accrued and thus the applicability of the statute of limitations defense is not "apparent on the face of the [amended] complaint." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). However, Baker's Fourteenth Amendment deprivation of property claims nevertheless fail for a different reason and must be dismissed.

As the Court explained in its July 16th Memorandum, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013). Pennsylvania law provides Baker with an adequate state remedy – the Pennsylvania Tort Claims Act – for the loss and destruction of his property. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (*per curiam*) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property); *Thompson v. Ferguson*, No. 19-3455, 2019 WL 3573525, at *5 (E.D. Pa. Aug. 5, 2019) (dismissing Fourteenth Amendment claim based on the loss and destruction of property during a search because the Pennsylvania Tort Claims Act provides an adequate remedy); *Shiloh v. Does*, No. 12-1086, 2013 WL 5297511, at *8 (M.D. Pa. Apr. 19, 2013), *report and recommendation adopted sub nom. Shiloh v. John Does*, No. 12-1086, 2013 WL 4761124 (M.D. Pa. May 14, 2013) (dismissing Fourteenth Amendment deprivation of property claim based on damage done to the plaintiff's home and personal items during a search and seizure because the plaintiff could have filed a tort claim under Pennsylvania law, thus negating any due process violation).

In addition, with respect to the alleged confiscation of certain items of Baker's personal property such as iPhones, cash, diamond earrings, and prescription eyeglasses, Pennsylvania law provides an additional post deprivation remedy. Pennsylvania Rule of Criminal Procedure 588(A) provides that "[a] person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move [in the court of common pleas for the judicial district in which the property was seized] for the return of the property on the ground that he or she is entitled to lawful possession therefor." Pa. R. Crim. P. 588(A). Courts in the Third Circuit have held that Rule 588(A) provides an adequate post deprivation remedy for claims related to the seizure of property. *See McKenna v. Portman*, 538 F. App'x 221, 224 (3d Cir. 2013) (stating that "there is no cognizable Fourteenth Amendment procedural due process claim here as the state provided a reasonable post-deprivation process [with Rule 588(A)] to challenge the seizure of property and request its return"); *Lancaster City Bureau of Police*, No. 17-1885, 2021 WL 5987734, at *5 (E.D. Pa. Dec. 16, 2021) (dismissing due process claim based on police officers' failure to return property seized pursuant to a warrant because Pennsylvania provides an adequate post deprivation remedy with Rule 588(A)). Accordingly, Baker's Fourteenth Amendment claims will also be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Baker's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. As Baker has already been given an opportunity to cure the defects in his claims and has been unable to do so, the Court concludes that further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when

7

litigant "already had two chances to tell his story").  Accordingly, Baker's Amended Complaint will be dismissed with prejudice.  An appropriate Order follows.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**